KRISTINA L. HILLMAN, Bar No. 7752
TIFFANY CRAIN ALTAMIRANO, Bar No. 14160
LAW OFFICES OF KRISTINA L. HILLMAN
Affiliated with Weinberg, Roger & Rosenfeld
A Professional Corporation
1594 Mono Avenue
P.O. Box 1987
Minden, Nevada 89423
Telephone (775) 770-4832
Fax (775) 782-6932
E-Mail:  khillman@unioncounsel.net
            taltamirano@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the NATIONAL ROOFING INDUSTRY PENSION FUND, NATIONAL ROOFERS RESEARCH AND EDUCATION TRUST, NATIONAL ROOFERS UNION & EMPLOYERS HEALTH & WELFARE FUND | Case No. _____ |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, DAMAGES AND AUDIT** |
| v. | |
| DEAN INDUSTRIES, LLC, | |
| Defendant. | |

Plaintiffs the Board of Trustees, in their capacity as Trustees of the NATIONAL

ROOFING INDUSTRY PENSION FUND; NATIONAL ROOFERS RESEARCH AND

EDUCATION TRUST FUND; and NATIONAL ROOFERS UNION AND EMPLOYERS

HEALTH AND WELFARE FUND (hereinafter "Plaintiffs" or "Trust Funds") hereby allege as

follows against Defendant DEAN INDUSTRIES LLC ("DEAN INDUSTRIES").

//

//

//

//

1

## JURISDICTION UNDER ERISA AND LMRA

### I.

This action arises under and is brought pursuant to Section 502 of the Employee Retirement Income Security Act (ERISA), as amended (29 U.S.C. § 1132), which grants district courts exclusive jurisdiction to hear civil actions brought by a fiduciary.  Further, Section 502(a)(3) of ERISA,  29 U.S.C. § 1132(a)(3), provides that a fiduciary has standing to enforce ERISA provisions.  The Boards of Trustees are Trustees of the NATIONAL ROOFING INDUSTRY PENSION FUND (hereinafter "Pension Fund"); NATIONAL ROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND (hereinafter "Education Fund"); and NATIONAL ROOFERS UNION AND EMPLOYERS HEALTH AND WELFARE FUND (hereinafter "Health and Welfare Fund") (collectively referred to herein as the "Trust Funds") have the authority to bring actions on behalf of Trustees.  The Boards of Trustees of the Trust Funds also have standing to bring this action to enforce any ERISA provisions, as the Trustees are fiduciaries.  Attached hereto as **Exhibit "A"** are true and correct copies of the Trust Agreements.

### II.

This action also arises under and is brought pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which extends to all "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. . . ."  At all relevant times, DEAN INDUSTRIES was bound to a written collective bargaining agreement with the United Union of Roofers Waterproofers and Allied Workers Local 162 (hereinafter the "Union"), a labor organization within the meaning of Section 301 of the LMRA.  29 U.S.C. § 185.  Attached hereto as **Exhibit "B"** is a true and accurate copy of the Collective Bargaining Agreement.  Plaintiffs are seeking to enforce DEAN INDUSTRIES' obligations under the Collective Bargaining Agreement between the Union and DEAN INDUSTRIES.  Therefore, this Court has jurisdiction under LMRA over this action.

//

//

//

**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, DAMAGES AND AUDIT**
Case No. _____

## VENUE AND INTRADISTRICT ASSIGNMENT

### III.

Venue properly lies in this District Court since contributions are due and payable in the County of Clark.  Therefore, intradistrict venue is proper.

## PARTIES

### IV.

At all times material, Plaintiffs were Trustees of the Trust Funds.  At all times material, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to Section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of Sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132).  Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements.

### V.

At all times material, DEAN INDUSTRIES has been an employer within the meaning of Section 3(5) and Section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185). At all times material herein, the Defendant has conducted business in the state of Nevada.

### VI.

DEAN INDUSTRIES is, and at all relevant time was, signatory and bound to a written collective bargaining agreement with the Union, a labor organization within the meaning of section 301 of the LMRA (29 U.S.C. § 185).  The Collective Bargaining Agreement by its terms incorporates the various Trust Agreements establishing each of the Plaintiff Trust Funds. Hereinafter, the Collective Bargaining Agreement and Trust Agreements are referred to collectively as the "Agreements." By signing onto the Agreements, DEAN INDUSTRIES promised that it would contribute and pay to Plaintiffs the hourly amounts required by the Agreements for each hour paid for or worked by any of their employees who performed any work

**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, DAMAGES AND AUDIT**
Case No. _____

1  covered by the Agreements, and that they would be subject to and bound by all of the terms,

2  provisions and conditions of the Agreements.

**VII.**

3

4  The Agreements provide for prompt payments of all employer contributions to the various

5  Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to

6  provide for payments to cover the damages incurred by the Trust Funds in the event of a breach

7  by the employer where it would have been impracticable or extremely difficult to ascertain the

8  losses to the Trust Funds.  The Agreements also provide for the payment of liquidated damages,

9  interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the

10  audit of the signatory employer or employers' books and records in order to permit the Plaintiffs

11  to ascertain whether all fringe benefit contributions have been timely paid as required by the

12  applicable labor agreements and law.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT AGAINST DEAN INDUSTRIES)**

13

14

**VIII.**

15

Plaintiffs incorporate and re-allege by reference all the allegations stated hereinabove.

16

**IX.**

17

18  Pursuant to the Agreements, an audit of the books and records of DEAN INDUSTRIES

19  for the period of August 1, 2015 to March 31, 2018 was conducted, which revealed that fringe

20  benefit contributions to the Trust Funds have not been submitted as required by said agreements.

**X.**

21

22  Specifically, the audit revealed that DEAN INDUSTRIES has failed, neglected, or refused

23  to make fringe benefit contributions as required by the Collective Bargaining Agreement and

24  Trust Agreements and there is now due and owing and unpaid to Plaintiffs contributions in the

25  sum of $356,700.05; liquidated damages and interest for contributions in the amount of at least

26  $73,045.45; and attorneys' fees according to proof.

//

27  //

28

4

**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, DAMAGES AND AUDIT**
Case No. _____

**XI.**

Demand has been made of DEAN INDUSTRIES to pay such amounts and DEAN INDUSTRIES refused to pay such amounts, there is now due, owing and unpaid to Plaintiffs Trust Funds from DEAN INDUSTRIES, fringe benefits contributions in the amount of $356,700.05, and liquidated damages and interest in the amount of at least $73,045.45.  A true and accurate copy of the Demand for payment of the audit liability is attached hereto as **Exhibit "C"**.

**XII.**

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

**XIII.**

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

**XIV.**

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to DEAN INDUSTRIES's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT AGAINST DEAN INDUSTRIES)**

**XV.**

Plaintiffs incorporate and re-allege by reference all the allegations stated hereinabove.

**XVI.**

DEAN INDUSTRIES has failed, neglected and refused to make fringe benefit contributions as required by the applicable Collective Bargaining Agreement and Trust Agreements, and has caused Plaintiffs actual damages to be proven at the time of trial.

//

//

5

**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, DAMAGES AND AUDIT**
Case No. _____

**THIRD CLAIM FOR RELIEF**
**(AUDIT AGAINST DEAN INDUSTRIES)**

**XVII.**

Plaintiffs incorporate and re-allege by reference all the allegations stated hereinabove.

**XVIII.**

Plaintiffs believe that additional amounts may be due and owing and also pray for an audit to determine same.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, as follows:

1.      For a judicial determination that DEAN INDUSTRIES is bound to the Collective Bargaining Agreement with the Union;

2.      That DEAN INDUSTRIES be ordered to pay fringe benefit contributions in the amount of $356,700.05, and liquidated damages and interest in the amount of at least $73,045.45, based on the audit of DEAN INDUSTRIES' books and records for the period of August 1, 2015 to March 31, 2018;

5.      That DEAN INDUSTRIES be ordered to pay actual damages in an amount to be proven at trial;

6.      That this Court issue an Order directing and permanently enjoining DEAN INDUSTRIES to submit to the Trust Funds, all reports and contributions due and owing by DEAN INDUSTRIES, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

7.      That this Court issue an Order permanently enjoining DEAN INDUSTRIES for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

8.      That DEAN INDUSTRIES be ordered to pay Plaintiffs' attorneys' fees;

9.      That DEAN INDUSTRIES be ordered to pay costs of suit herein;

10.     That this Court grant such further relief as this Court deems just and proper; and

6

1        11.    That this Court retain jurisdiction of this matter to enforce the Order compelling an

2  Audit and payment of all amounts found due and owing.

3  Dated:  August 28, 2019                LAW OFFICES OF KRISTINA L. HILLMAN
                                          Affiliated with Weinberg, Roger & Rosenfeld

4                                          A Professional Corporation

5

6                                      Respectfully Submitted:

7

8                               /s/ *Tiffany Crain Altamirano*
                By:       Kristina L. Hillman
                               Tiffany Crain Altamirano

9

10                             Attorneys for Plaintiffs National Roofing Industry
                             Pension Fund, Roofers Research and Education
                             Trust, National Roofers Union & Employers Health

11                             & Welfare Fund

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

145741\1043195

7

**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, DAMAGES AND AUDIT**
Case No. _____