UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THE BOARD OF TRUSTEES, in their capacities as Trustees of the National Roofing Industry Pension Fund, *et al.*,

                     Plaintiffs,

v.

DEAN INDUSTRIES LLC,

                     Defendant.

Case No. 2:19-cv-01504-KJD-BNW

ORDER

Presently before the Court is Plaintiffs' Motion for Default Judgment (#11). Though the time for doing so has passed, no response in opposition has been filed.

I. Background

Defendant submitted its books and records to Plaintiffs ("Trust Funds") for a compliance audit. The audit revealed that principal contributions in the amount of $356,700.05, and liquidated damages and interest for contributions in the amount of at least $73,045.45 are owed to the Trust Funds. Defendant refused to pay the audit shortages.

The Trust Funds then filed their Complaint (#6) on August 28, 2019, to collect the unpaid audit shortages owed by Defendant to the Trust Funds. The Summons and Complaint was served on Defendant on September 20, 2019. Defendant failed to answer the Complaint, and at the request of Plaintiffs, the Clerk entered default (#10) against the Defendant on November 15, 2019. Plaintiffs attorneys' fees related to this suit are $11,343.75 and their costs are $1,985.95.

II. Standard for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits the Court, following a defendant's default, to enter a final judgment in a case. There is no matter of right to the entry of a default

judgment, and its entry is entirely within this Court's discretion. See Draper v. Coombes, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court may find entry of a default judgment appropriate in consideration of: [1] the sufficiency of the complaint and the merits of a plaintiff's substantive claims; [2] the possibility of prejudice if entry is denied; [3] the sum of money at stake; [4] the possibility of a dispute concerning material facts; [5] whether default was due to excusable neglect; and [6] the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

III. Analysis

Since Plaintiffs have met all procedural requirements for entry of default judgment, the Court must consider the Eitel factors. The first Eitel factor is the merits of Plaintiff's substantive claim and the sufficiency of the complaint. See id. The Ninth Circuit has suggested that this factor requires that a plaintiff "state a claim on which the [plaintiff] may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff has clearly stated a claim pursuant to ERISA, 29 U.S.C. § 515 and the Trust and Collective Bargaining Agreements. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Where a collective bargaining agreement, as here, requires contributions on behalf of employees who performed covered work, it will be enforced. MacKillop v. Lowe's Mkt., Inc., 58F.3d 1441, 1443 (9th Cir. 1995). In addition to the unpaid contributions, Plaintiffs are entitled to interest, liquidated damages, and reasonable attorneys' fees and costs of the action pursuant to the Trust Agreements and ERISA. ERISA § 502(g)(2). Furthermore, liquidated damages provisions in collective bargaining agreements, such as the one at hand, are enforceable under federal common law and not void as a penalty. Idaho Plumbers v. United Mechanical Contractors, 875 F.2d 212, 216 (9th Cir. 1989); United States v. Carter, 353 U.S. 210 (1957).

Plaintiffs' Complaint alleges that Defendant failed to timely make contribution payments, and these contributions, which were revealed by an audit, remain unpaid. Accepting all factual

allegations as true, Plaintiffs have stated a claim for relief. Unlike the pleadings in Eitel, which should have given the court "serious reservations," these claims are more than sufficient to state a claim, and therefore weigh in favor of entry of default judgment. Eitel, 782 F.2d at 1472. Not only does the above show that the allegations set forth in the Complaint are sufficient to state a claim under Federal Rule of Civil Procedure 8(a), but the claims are further substantiated by the factual record. Defendant agreed to be bound by the Collective Bargaining Agreement with the Union which bound it to the Trust Agreements incorporated therein by reference. The Agreements impose liability on delinquent employers for liquidated damages, unpaid interest and attorney's fees in addition to any unpaid contributions. Therefore, the first Eitel factors counsel in favor of granting default judgment.

The second factor, possibility of prejudice to the plaintiff, clearly favors default judgment, since Plaintiffs will have no other alternative means of recovering damages following the entry of default. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The third factor considers the amount of money at stake. Eitel at 1471-72. The Plaintiffs here are owed $356,700.05 in principal contributions, and at least $73,045.45 in liquidated damages and interest, as well as attorneys' fees in the amount of $11,343.75 and costs in the amount of $1,985.95 for the work involved in seeking these amounts. This amount is tailored to the specific misconduct of Defendant, clearly supported by evidence in the record, and was bargained for by the parties. This factor counsels in favor of default.

The fourth factor, possibility of a dispute concerning material facts, often weighs against default judgment. Eitel, 782 F.2d at 1472 (default judgment not appropriate in part "because the parties disputed material facts in the pleadings"). However, this factor supports default judgment as Plaintiffs' claims for unpaid contributions are based on Defendant's own books and records that Defendant submitted to auditor for the Trust Funds' compliance audit. Furthermore, defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint and there is no evidence of any latent dispute. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Additionally, all material factors are supported by sworn declarations. As a result,

1 | this factor weighs in favor of default judgment.

The fifth factor does not weigh in favor of Defendant. Defendant was properly served with the Summons and Complaint and the record does not contain any evidence to suggest that Defendant's failure to appear and defend against this action was excusable. Defendant was also served with Plaintiffs' Request for an Entry of Default (#9) on November 14, 2019, but failed to appear in this action. Therefore, this factor supports default judgment. See Shanghai Automation Instrument Co. v.Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect).

Finally, the public policy that favors decisions on the merits does not require a different result, because it is Defendant's failure to appear and defend this action at all that makes a decision on the merits impossible. Since every other factor favors default, this factor is not dispositive.

Accordingly, Plaintiffs' motion for default judgment is granted. The relief sought here is explicitly authorized by ERISA Section 502(g)(2). When an employee benefit plan obtains judgment in its favor in an action under 29 U.S.C. § 1132(g)(2), the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [...]
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate."

Therefore, the Court awards Plaintiff $356,700.05 in unpaid contributions, $73,045.45 in liquidated damages and interest, attorney's fees in the amount of $11,343.75 and costs of $1,985.95 based upon work performed between August 1, 2015 and March 31, 2018. Further, Defendants are ordered to submit to an audit of its books and records covering the period

beginning April 2018 to the present date as required by the agreements and to pay any contributions plus interest found to be due and owing as a result of the audit. Defendant is ordered and required to submit all required monthly contributions reports and contributions due and owing from Defendant to Plaintiffs This Court retains jurisdiction to amend the judgment to include moneys found due and owing as result of this Judgment.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment (#11) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter Judgment for Plaintiffs and against Defendant in the total amount of $443,075.20.

Dated this 13th day of April, 2020.

Kent J. Dawson
United States District Judge